UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR413-150 |
| | ) | |
| NEURBY CELENIA DIAZ | ) | |

## ORDER

Neurby Diaz moves for "free transcripts and case file documents," (doc. 24 at 1) and to proceed *in forma pauperis. Id.* at 3-6. Although she filed her motion prior to collaterally attacking her conviction, she has since moved for 28 U.S.C. § 2255 relief (doc. 25) and the court reporter has filed transcripts of her sentencing (doc. 29) and guilty plea hearings (doc. 35) at the government's request. *See* doc. 30.

"'[I]ndigent prisoners seeking postconviction collateral relief do not have an automatic right to free copies of court transcripts and documents. Criminal defendants have an absolute right to a trial transcript for direct appeals, but, if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim.'" *United States v. Heyward*, 2008 WL 5189725 at * 1 (S.D. Ga. Dec. 10, 2008)) (quoting *Nortonsen v. Larimer Cnty. Dist. Court*, 178 F. App'x

783, 783 (10th Cir. 2006)). Whether or not Diaz ultimately succeeds on her § 2255 claims, they are not frivolous.[1]

Accordingly, her motion for free transcripts (doc. 24) is **GRANTED**. Her request for other documents is **GRANTED** insofar as the documents relate to the claims she raises in her § 2255 motion. To that end, the Clerk is **DIRECTED** to send Diaz copies of docs. 20 (plea agreement), 29 (sentencing hearing transcript), 35 (plea hearing transcript), 41 (notice of postconviction consultation), and 42 (Henifin's affidavit). Her "application to proceed [IFP]" (doc. 24 at 3-6) is **DENIED AS MOOT** since there is no filing fee for § 2255 motions and Diaz is not currently seeking to appeal.

---

[1] Frivolous means "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *see also Howard v. Augusta-Richmond Cnty., Ga.*, No. 14-15474, slip op. at 2 (11th Cir. Sept. 2, 2015) ("To be frivolous, a complaint must be so lacking in arguable merit as to be groundless or without foundation.") (quotes omitted); *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009). Diaz primarily asserts ineffective assistance of counsel claims related to her attorney's alleged failure to adequately apprise her of her appellate rights. *See* doc. 25. Her attorney, Arvo Henifin, belatedly filed a Notice of Postconviction Consultation indicating that he discussed an appeal with Diaz, but that she declined to file one. Doc. 41. Normally that would neuter Diaz's claims, *see, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014), but here Diaz asserts that she did not intelligently forego a direct appeal because counsel failed to bring an interpreter to the appeal consultation, and pressured her not to appeal by advising that she faced a longer sentence if she did. (Henifin swears that she understood his advice, doc. 42 at 2-3). *See* doc. 44 at 1. Although her claims may ultimately fail, there's enough meat on the bones to avoid the "frivolous" label.

**SO ORDERED,** this 4th day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**